J-S08045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LATEE TAQUAN CREWS | : | |
| | : | |
| Appellant | : | No. 1112 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 7, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001244-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 13, 2021**

Appellant, Latee Taquan Crews, appeals the judgment of sentence following his conviction for Prohibited Offensive Weapon, 18 Pa.C.S.A. § 908, based on evidence that he was found in possession of a blackjack, an enumerated weapon under the statute.  He asserts that the Commonwealth presented insufficient evidence to support the jury's guilty verdict.  After careful review, we affirm.

The trial court's Pa.R.A.P. 1925(a) opinion sets forth the pertinent facts and procedural history, as follows:

> [On June 24, 2020, the trial court conducted a one-day jury trial on a single count under Section 908(a)(1).  Specifically,] [t]estimony was presented at trial by the Commonwealth from Frederick J. Lahovski, Jr., who had been a McAdoo Borough Police officer on June 4, 2019.  According to Officer Lahovski he saw Defendant at Fegley's Mini Mart in the center of the Borough late

---

[*] Former Justice specially assigned to the Superior Court.

in the evening on June 4, 2019 and searched him [incident to arrest. The officer's affidavit of probable cause explained he had learned earlier in the day that there was an outstanding arrest warrant for Defendant [hereinafter, "Appellant"], but at trial, evidence was not elicited as to the events precipitating the search.] The Officer found a blackjack [tucked inside Appellant's waistband, hidden underneath his clothing, and he seized it.] [H]e described [a blackjack] as having been standard issue for police in the past, [but, while] "still allowed", [is] "pretty obsolete as far as law enforcement." Trial Transcript, pg. 16 (June 24, 2020). The physical characteristics of the blackjack were described by the officer and it was exhibited to each juror.

Appellant testified that he was walking to Fegley's Mini Mart on the evening of June 4, 2019 with [his little sister] when [she] saw an item on the ground between the sidewalk and the bricks that separated the parking lot. Appellant claimed that he picked the item up and thought that it might have been the property of a person by the name of Tweety, who[, he claimed, lived behind Fegley's and] had a "strange way of using certain things to make certain things work." N.T. at 26.

According to Appellant, Tweety was a handyman [and] auto mechanic who worked "on the side", and Appellant thought he would go to see Tweety since he might have used the item [as a tool] to hit the starter of a car. N.T. at 27-28. Appellant testified that he put the item into his pants because, although he had on jeans and a coat, he had a lot of items in his pockets. Appellant also presented testimony from his wife, Marlene Peters, who stated that she had never previously seen the item identified as the blackjack that Officer Lahovski had found in Appellant's pants on June 4, 2019.

Trial Court Opinion, 9/29/20, at 2-3.

On June 24, 2020, the jury returned a verdict of guilty, and Appellant was subsequently sentenced to 12 to 24 months' incarceration, to be followed by two years' probation. On August 24, 2020, Appellant filed a timely notice of appeal.

On September 18, 2020, Appellant filed a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) in which he raised issues challenging the sufficiency and weight of the evidence. The court responded with a Rule 1925(a) opinion recommending that this Court reject Appellant's sufficiency claim as meritless and his weight claim as waived for Appellant's failure to raise it first with the trial court at either the sentencing hearing or in a post-sentence motion.

In Appellant's brief filed with this Court, he presents only one question issue, which is directed to the sufficiency of the evidence:

> [Was] the evidence [ ] insufficient to support the jury verdict in that the Commonwealth did not present testimony as to ownership of the weapon by Appellant while Appellant and his witnessed [sic] testified that he had not owner [sic] or possessed the weapon, as well as the fact that item in question involved an antiquated article, and same was testified as an item used for auto repair.

Appellant's brief, at 4.

We review Appellant's challenge to the sufficiency of the evidence under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The

> Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Vargas**, 108 A.3d 858, 867-68 (Pa. Super. 2014) (internal citations omitted).

In the case *sub judice*, the Commonwealth presented undisputed evidence that Appellant had hidden on his person a blackjack, which is an enumerated, *per se* offensive weapon under Section 908. Section 908 proscribes the possession of prohibited offensive weapons, as set forth in pertinent part:

> **(a) Offense defined.--**A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon.
>
> **(b) Exceptions.--**
>
> (1) It is a defense under this section for the defendant to prove by a preponderance of evidence that he possessed or dealt with the weapon solely as a curio or in a dramatic performance, or that, with the exception of a bomb, grenade or incendiary device, he complied with the National Firearms Act (26 U.S.C. § 5801 et seq.), or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully.
> . . .
>
> (3) This section shall not apply to any person who makes, repairs, sells or otherwise deals in, uses or possesses any firearm for purposes not prohibited by the laws of this Commonwealth.

- 4 -

**(c) Definitions.--**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

. . .

"Offensive weapons." Any bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, **any blackjack**, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic or electric weapon or other implement for the infliction of serious bodily injury which serves no common lawful purpose.

**(d) Exemptions.--**The use and possession of blackjacks by the following persons in the course of their duties are exempt from this section:

(1) Police officers, as defined by and who meet the requirements of the act of June 18, 1974 (P.L. 359, No. 120), referred to as the Municipal Police Education and Training Law.[1]

(2) Police officers of first class cities who have successfully completed training which is substantially equivalent to the program under the Municipal Police Education and Training Law.

(3) Pennsylvania State Police officers.

(4) Sheriffs and deputy sheriffs of the various counties who have satisfactorily met the requirements of the Municipal Police Education and Training Law.

(5) Police officers employed by the Commonwealth who have satisfactorily met the requirements of the Municipal Police Education and Training Law.

(6) Deputy sheriffs with adequate training as determined by the Pennsylvania Commission on Crime and Delinquency.

(7) Liquor Control Board agents who have satisfactorily met the requirements of the Municipal Police Education and Training Law.

18 Pa.C.S.A. § 908 (emphasis added).

Appellant's sufficiency argument focuses on witness testimonies that, he maintains, provided him with a defense under Section 908(b)(1). The testimonies included his own, wherein he claimed he had found the blackjack lying on the ground minutes before he encountered Officer Lahovski and intended to take it to a nearby handyman/mechanic who, he believed, may have used it as a tool and lost it, and that of his wife, who stated she had never seen the blackjack. Intertwined with this argument is Appellant's claim that the Commonwealth presented no evidence that he owned the blackjack.

It was for the jury, as finder of fact, to assess whether by a preponderance of the evidence Appellant's defense cast doubt upon the Commonwealth's case, and the jury clearly refused to accept that his possession of the blackjack was a transitory consequence of having found it on the day of his arrest. We discern no reason to disturb this determination. Relatedly, ownership is not an element of the offense, as the statute proscribes "possession" of a prohibited offensive weapon.

Appellant's remaining sufficiency argument centers upon the testimony of Officer Lahovski that a blackjack has become relatively obsolete as a law enforcement implement. This point, too, fails to implicate an element of the offense. Section 908 lists "blackjacks" as *per se* offensive weapons prohibited under the statute. Whether police departments elect to equip officers with blackjacks as standard issue, which they are permitted to do

under the "Exemptions" section of the statute, is irrelevant to the blackjack prohibition applicable to private citizens like Appellant.

Finally, to the extent Appellant represents Officer Lahovski's testimony as having suggested that the statutory categorization of blackjacks as offensive weapons is likewise obsolete, he distorts the record. The officer made no such suggestion, and even if he had, it obviously would have had no bearing on either the statute's continued proscription of private blackjack possession or it's applicability to the present case. Accordingly, we find Appellant's sufficiency challenge devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2021